FILED

MAR 11 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALENO SALGADO,  Petitioner,  v.  ROBERT K. WONG, Warden,  Respondent. / | No. C 09-1931 WHA (PR)  **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; GRANTING MOTION FOR RULING**  (Docket No. 7) |

## INTRODUCTION

Petitioner, a California prisoner currently incarcerated at the Correctional Training Facility in Soledad, filed this pro se petition for a writ of habeas corpus challenging the denial of parole pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner filed a traverse. For the reasons set forth below, the petition is **DENIED.**

## STATEMENT

In 1984, petitioner was sentenced to a term of twenty-five years to life in state prison pursuant to his conviction for first-degree murder and robbery. This petition challenges the denial of parole by the California Board of Parole Hearings ("Board") in 2007. Petitioner filed habeas petitions challenging this decision in all three levels of the California courts. After the state petitions were denied, petitioner filed the instant federal petition.

## ANALYSIS

As grounds for federal habeas relief, petitioner asserts that his right to due process was violated because: (1) there was not "some evidence" he would be a present danger to society if released; (2) the Board's decision to deny any further parole consideration for four years was not supported by "some evidence;" and (3) the Board's regulations are unconstitutionally vague as applied to him.

The United States Supreme Court has recently held that the Due Process Clause of the Fourteenth Amendment to the United States Constitution entitles a California prisoner to only "minimal" procedural protections in connection with a parole suitability determination. *Swarthout v Cooke*, 131 S.Ct. 859, 862 (2011). Specifically, the Due Process Clause only entitles a California prisoner to an opportunity to be heard and a statement of the reasons why parole was denied. *Ibid.* The parole hearing transcript makes it clear that petitioner received an opportunity to be heard and a statement of the reasons parole was denied. The Constitution does not require more. *Ibid.* The court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement." *Ibid.* It is simply irrelevant in federal habeas review "whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *Id.* at 863. In light of the Supreme Court's determination that due process does not require that there be any amount of evidence to support the parole denial, petitioner's claims that there was not "some evidence" to support the denial of parole for four years are without merit. Furthermore, as the Due Process Clause requires nothing more than an opportunity to be heard and a statement of the reasons why parole was denied, petitioner's claim that the vagueness of the Board's regulations violated his right to due process is also without merit.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. Petitioner's motion for a ruling on his petition (docket number 7) is **GRANTED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which

1  the petition is denied. Petitioner has failed to make a substantial showing that his claims
2  amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would
3  find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484
4  (2000). Consequently, no certificate of appealability is warranted in this case.
5      The clerk shall enter judgment and close the file.
6  **IT IS SO ORDERED.**
7  Dated: March 11, 2011.
8                                        WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

20  G:\PRO-SE\WHA\HC.09\SALGADO1931.RUL.wpd